**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Spero Conits and SJC Properties, LLC, ) | C.A. No. 6:18-cv-02338-HMH | |
| Spero's Pete's Original *Too, LLC* ) | | |
| ) | | |
| Plaintiffs, ) | | |
| v. ) | **ANSWER** | |
| ) | (Jury Trial Demanded) | |
| City of Greenville, South Carolina, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

The Defendant City of Greenville, South Carolina answering the Complaint of the Plaintiffs above named, respectfully alleges as follows:

## FOR A FIRST DEFENSE

1. Any allegation not hereafter admitted, denied, or explained is denied.

2. Paragraph 1 is admitted upon information and belief.

3. Paragraphs 2 and 3 are admitted upon information and belief.

4. Defendant denies the allegations of Paragraph 4 alleging that the destruction of the building made further operation of the restaurant impossible resulting in a complete loss of income. Defendant admits the remaining allegations of Paragraph 4.

5. Defendant lacks sufficient knowledge and or information to admit or deny the allegations of Paragraph 5 and therefore denies same.

6. Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 6 stating that Plaintiff exhausted his administrative remedies and therefore must deny the same. Defendant admits the remaining allegations of Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

1

9. Defendant denies the allegations of Paragraph 9.

10. Paragraph 10 is a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant admits as much as is an accurate statement and/or conclusion of the law and deny any remaining allegations of Paragraph 10.

11. Answering Paragraph 11, Defendant realleges its previous responses and allegations as if fully set forth herein.

12. Defendant denies the allegations of Paragraph 12 as stated.

13. Defendant denies the allegations of Paragraph 13 as stated.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15 and its subparts which are accurate reflections and recitations of the City of Greenville Ordinances cited. Defendant denies the remaining allegations of Paragraph 15 and all its subparts as stated.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Answering Paragraph 18 and all its subparts, Defendant realleges its previous responses and allegations as if fully set forth herein.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Answering Paragraph 25 and all its subparts, Defendant realleges its previous responses and allegations as if fully set forth herein.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies Plaintiff is entitled to any judgment or receipt of damages of any kind.

## FOR A SECOND DEFENSE
### (FRCP 12(b)(6)

32. The Complaint fails to state a claim upon which relief can be granted and Defendant is entitled to judgment pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Statute of Limitations)

33. The Complaint is barred by the applicable statute of limitations.

## FOR A FOURTH DEFENSE
### (Valid Exercise of Police Powers)

34. The ordinances about which the Plaintiffs complaint were passed in accordance with applicable law, and are reasonable and valid exercises of the Defendant's police powers.

## FOR A FIFTH DEFENSE
### (No Constitutional Violation(s))

35. The ordinances and their applicability to Plaintiffs' property do not violate Plaintiffs' rights under the Equal Protection Clause of the United States Constitution.

## FOR A SIXTH DEFENSE
### (No Taking)

36. The ordinances and their applicability to Plaintiffs' property do not amount to a "taking" of property under the United States Constitution.

## FOR A SEVENTH DEFENSE
### (No Entitlement to Injunctive Relief)

37. Plaintiffs are not entitled to injunctive relief in this matter whether or not they can demonstrate a compensable taking of their property.

WHEREFORE, having fully answered the Complaint of the Plaintiffs herein, the Defendant City of Greenville prays that the action be dismissed and that the Defendant City of Greenville have costs awarded in a reasonable amount, and for such other and further relief as the Court deems proper.

Respectfully submitted,

ROE CASSIDY COATES & PRICE, P.A.

s/ V. Clark Price
V. Clark Price, Fed. ID No. 3155
Joseph O. Smith, Fed. ID No. 10551
P.O. Box 10529
Greenville, SC 29603
864-349-2600 – Telephone
864-349-0303 – Facsimile
cprice@roecassidy.com
jsmith@roecassidy.com
*Attorneys for Defendant*
*City of Greenville, South Carolina*

Greenville, South Carolina

August 23, 2018

4

**DEFENDANT DEMANDS A TRIAL BY JURY.**